JOSEPHINE INFERRERA & another, executors, *vs.* STRADO KITCHENS, INC. & another. January 30, 1981. 1. It is clear from the provisions of arts. 1, 3, 5 and 9 of the "stock redemption" agreement of August 27, 1970 (agreement), (a) that the only insurance monies which the corporation would be entitled to use in purchasing the shares of a deceased shareholder were to be (i) the proceeds of the life insurance policies specifically listed in art. 1 of the agreement and (ii) the proceeds of such "additional policies [as] shall be recorded on attached Schedule A" and (b) that any alteration, amendment or modification of the agreement would have to take the form of a writing signed by all three parties to the agreement. It is equally clear from the subsidiary findings of the master that there was no "Schedule A" in existence when the agreement was executed, that the $25,000 policy which is in dispute between the parties was not purchased until some time thereafter, and that the "Schedule A" which purported to list that policy as one of those which was to be used in purchasing the shares of a deceased shareholder and which was physically attached to the agreement when it was offered in evidence before the master had not been signed by any of the parties to the agreement. There is nothing in the truncated portions of the transcript of the evidence before the

master (filed in court by leave of the judge who adopted the master's report and entered the final judgment) which have been reproduced in the defendants' record appendices that casts doubt on any of the master's subsidiary findings. It follows that the corporation is not entitled to set off the proceeds of the $25,000 policy against the purchase price of the shares now held by the plaintiffs. 2. The judgment is in error in holding the individual defendant responsible for the purchase price of those shares because there is nothing in any of the provisions of the agreement which imposes any liability on him for the purchase price of any of the shares of the corporation in any circumstance or event. The judgment entered on December 20, 1979, is to be further modified so as to make it clear that the individual defendant is not liable to either of the plaintiffs for any portion of the purchase price of any of the shares now held by them and, as so modified, is affirmed; costs of appeal are not to be awarded to any party.

*So ordered.*

The case was submitted on briefs.
*Willis A. Downs* for the defendants.
*Martin S. Cosgrove & Richard B. Kirby* for the plaintiffs.